71 F.3d 574
 49 Soc.Sec.Rep.Ser. 592, Medicare & Medicaid Guide
P 43,942
MANAKEE PROFESSIONAL MEDICAL TRANSFER SERVICE, INC.;
Con-Care Medical Transport; Action Delivery
Service, doing business as Medical
Transportation Service,
Plaintiffs-Appellants,
v.
Donna E. SHALALA, in her capacity as Secretary of the Health
and Human Services; Bruce Vladek, in his capacity as
Administrator, Health Care Financing Administration;
Clarence J. Boone, in his capacity as Region IV
Administrator, Health Care Financing Administration; and
Health Care Financing Administration, Defendants-Appellees.
 No. 94-6274.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 16, 1995.
Decided Dec. 12, 1995.
 
 Bruce F. Clark, Stites & Harbison, Frankfort, KY, Bonnie C. Kittinger (argued and briefed), Stites & Harbison, Lexington, KY, for Manakee Professional Medical Transfer Service, Inc., Con-Care Medical Transport and Action Delivery Service.
 Dana J. Petti (argued and briefed), Social Security Admin. Office of General Counsel, Atlanta, GA, for Donna E. Shalala, Bruce Vladek, Clarence J. Boone and Health Care Financing Admin.
 Before: CONTIE, MILBURN, and NORRIS, Circuit Judges.
 CONTIE, Circuit Judge.
 
 
 1
 Plaintiffs-appellants, Manakee Professional Medical Transfer Service, Inc., Con-Care Medical Transport, and Action Delivery Service, doing business as Medical Transportation Service [hereinafter, "plaintiffs" or "the companies"] appeal the order of the district court dismissing, for failure to exhaust administrative remedies, their complaint against defendants-appellees, Donna E. Shalala, in her capacity as Secretary of Health and Human Services; Bruce Vladek in his capacity as administrator, Health Care Financing Administration; Clarence J. Boone, in his capacity as Region IV administrator, Health Care Financing Administration; and Health Care Financing Administration [hereinafter, "defendants" or "the Secretary"] in this action seeking Medicare payments for their provision of non-emergency health transportation services. For the following reasons, the decision of the Secretary is affirmed.
 
 I.
 
 2
 Plaintiffs are three ambulance providers in the state of Kentucky, who are bringing this appeal for judicial review of the Secretary's decision that they are not entitled to Part B reimbursement from Medicare for providing non-emergency health transportation services to Medicare enrollees. The district court held that judicial review of the Secretary's denial of benefits was precluded because plaintiffs failed to exhaust their administrative remedies.
 
 
 3
 For the past several years, plaintiffs have provided transportation services to sick, injured, or otherwise incapacitated persons, including Medicare enrollees, to and from health care facilities when other methods of transportation were not advisable. The transportation companies obtained licenses from the state of Kentucky, specifying that the individual companies could provide non-emergency health transportation [hereinafter, "NEHT"] services. The transportation companies also obtained a certificate of need for such services, and Medicare issued provider numbers to the companies, allowing them to bill Medicare for medically necessary, health-related transportation of Medicare beneficiaries.
 
 
 4
 After several years of rendering non-emergency health transportation to sick or injured Medicare patients to and from health care facilities and being reimbursed by Medicare, the companies were notified in April and May 1994 that Medicare would no longer pay for these services because the companies' vehicles were not equipped with lights, sirens, and portable communication equipment. The companies installed the equipment required by Medicare, and Medicare resumed payments.
 
 
 5
 In June 1994, Medicare notified the companies that it would no longer approve payments for the provision of the companies' non-emergency health transportation services by sending them a letter, which stated in relevant part:
 
 Dear Provider:
 
 6
 In accordance with health care financing administration (HCFA) Medicare guidelines, this office has received instructions regarding those ambulance services performed by vehicles licensed as non-emergency health transportation (NEHT). Such vehicles do not meet Medicare requirements. Therefore, services rendered by those vehicles are not approved by this office.
 
 
 7
 The regulations at 42 CFR Sec. 410.40(a)(2) state that the ambulance has to be equipped as required by state law. This requirement is not necessarily satisfied if the vehicle simply has the same type of lifesaving equipment required by state or local laws. The requirement also means that a vehicle must have the same quantity of lifesaving equipment required by the state to be classified as an advanced life support (ALS) or basic life support (BLS). The state's licensing designation is definitive in determining the vehicle classification. The ambulance operator's statement is not the deciding factor. What is essential to the Medicare coverage decision is how the state licenses the vehicles.
 
 
 8
 Plaintiffs' vehicles did not have the necessary lifesaving equipment required by Kentucky state law pursuant to 902 KAR Sec. 20.117 in order to be licensed as advanced life support (ALS) or basic life support (BLS). Because plaintiffs' vehicles did not contain the lifesaving equipment needed to obtain a Kentucky ALS or BLS license, plaintiffs were not licensed to provide emergency services under state law. The federal regulation at 42 CFR Sec. 410.40(a)(2) states that ambulance services are reimbursable by Medicare if the ambulance contains "lifesaving equipment required by state ... laws." The Secretary determined that "implicit in the term 'lifesaving ' is the requirement that an ambulance be capable and authorized to provide emergency services." Because plaintiffs were not licensed to provide emergency services, the Secretary concluded that plaintiffs' vehicles did not contain the lifesaving equipment required by Kentucky state law to qualify as ambulances for Medicare reimbursement.
 
 
 9
 After receiving this letter, even though they had been advised that their vehicles did not meet the requirements for Medicare reimbursement, plaintiffs submitted claims in the amount of $86,136.55 to the Medicare program for non-emergency health transportation services, and these claims were denied payment. Although 42 U.S.C. Sec. 1395ff(b) provides an appeal mechanism to challenge the denial of payment, the companies instead filed a complaint in the United States District Court for the Eastern District of Kentucky on August 5, 1994, seeking payment of $237,366.05--$86,136.55 for the denied claims and an additional $151,229.50 for claims for transportation services rendered by the companies, but not submitted to the Medicare program for a reimbursement determination.[1] Plaintiffs contended in the complaint that the Secretary's decision to deny reimbursement for their non-emergency health transportation was erroneous, violated the applicable regulations, and was a taking of property without due process of law. Plaintiffs also filed a motion for a preliminary injunction to enjoin Medicare from continuing to deny their claims for reimbursement.
 
 
 10
 On August 31, 1994, the district court held a hearing on the motion for a preliminary injunction. The Secretary argued that the recent decision of this court in Farkas v. Blue Cross & Blue Shield of Michigan, 24 F.3d 853 (6th Cir.1994) precluded judicial review of the Secretary's decision to deny payment of the claims prior to the exhaustion of administrative remedies.
 
 
 11
 On September 6, 1994, the district court entered an opinion and order denying plaintiffs' motion for a preliminary injunction and dismissing the complaint without prejudice for lack of subject matter jurisdiction because plaintiffs had failed to exhaust administrative remedies. The companies filed a timely notice of appeal on September 30, 1994. On November 14, 1994, the companies filed a motion for injunctive relief pending appeal with this court. That order was denied by this court on December 13, 1994.
 
 II.
 
 12
 The issue before this court on appeal is whether the district court erred in dismissing the complaint without prejudice for failure to exhaust administrative remedies.
 
 
 13
 The underlying question on the merits before the district court was whether the transportation companies' vehicles had the necessary lifesaving equipment required by state law in order to qualify as ambulances for the purpose of Medicare reimbursement. However, the district court did not review the Secretary's decision in this regard because the district court found that judicial review was precluded. The Secretary asserted that the district court was without subject matter jurisdiction to hear plaintiffs' claim because plaintiffs had not yet exhausted their administrative remedies and had not obtained a final decision from the Secretary, which was required before plaintiffs were entitled to judicial review under 42 U.S.C. Sec. 405(g) and 42 U.S.C. Sec. 1395ff(b) of the Medicare Act. The district court agreed and dismissed the complaint for lack of subject matter jurisdiction, because the companies did not follow the exclusive method for obtaining administrative and judicial review of the denial of their claim for payment pursuant to 42 U.S.C. Sec. 1395ff(b).
 
 
 14
 We agree with the district court for the following reasons. Title XVIII of the Social Security Act, 79 Stat. 291, as amended, 42 U.S.C. Sec. 1395 et seq., commonly known as the Medicare Act, establishes a federally subsidized health insurance program to be administered by the Secretary. Part A of the Act provides insurance for the cost of hospital and related post-hospital services. 42 U.S.C. Sec. 1395c et seq. Part B establishes a voluntary program of "supplemental medical insurance" covering physicians' charges and other medical services, including ambulance service. 42 U.S.C. Secs. 1395k, 1395(1), and 1395x(s); 42 C.F.R. Sec. 410(40)(a)(2). The Medicare Act authorizes the Secretary to determine what claims are covered by the Act "in accordance with the regulations prescribed by him." 42 U.S.C. Sec. 1395ff(a). Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a "final decision" on the claim, in the same manner as is provided in 42 U.S.C. Sec. 405(g) for old age and disability claims arising under Title II of the Social Security Act. 42 U.S.C. Sec. 1395ff(b)(1)(C). Pursuant to her rule-making authority, the Secretary has provided that a "final decision" is rendered on a Medicare claim only after a claimant has pressed his claim through all the designated levels of administrative review.[2] 2] See 42 U.S.C. Sec. 1395ii (incorporating 42 U.S.C. Sec. 405(a)).
 
 
 15
 Reimbursement determinations under Part B of the Medicare program are made, in the first instance, by carriers (such as Adminastar of Kentucky in the present case) acting under contract with the Secretary pursuant to 42 U.S.C. Sec. 1395u. Beneficiaries are reimbursed for ambulance and other Part B services on the basis of the amounts charged, subject to the carrier's responsibility to establish the appropriate "reasonable charge." 42 C.F.R. Sec. 405.501 et seq. The beneficiary may assign his or her right to receive payment to the supplier or physician supplying the service. 42 U.S.C. Sec. 1395u(b)(6). If the supplier accepts the assignment, it must accept the carrier's determination as to the amount of reimbursement and (except for co-insurance and deductibles) may not seek the difference from the beneficiary. 42 U.S.C. Sec. 1395u(b)(3)(B)(ii).
 
 
 16
 When a request for payment of benefits is filed, the carrier makes an initial evaluation of the claim, and if the claim is "reasonable" under the administrative regulations, determines the amount of benefits to be paid. If the carrier determines that a particular service is not covered under Part B, the claimant can seek reconsideration by the Health Care Financing Administration (HCFA) in the Department of Health and Human Services. 42 U.S.C. Secs. 1395ff(b)(1)(C), (b)(2); 42 CFR Sec. 405.801 et seq. The beneficiary or supplier is required to begin the administrative process by requesting that the carrier "review" its initial determination. 42 C.F.R. Sec. 405.807. If still dissatisfied, the supplier must request a fair hearing before a carrier hearing officer. 42 C.F.R. Sec. 405.821. If denial of the claim is affirmed after reconsideration and if the claim exceeds $500, the claimant is entitled to a hearing before an administrative law judge (ALJ) in the same manner as is provided for claimants under Title II of the Act. 42 U.S.C. Secs. 1395ff(b)(1)(C), (b)(2)(B); 42 CFR Sec. 405.815. If the claim is again denied, the claimant may seek review in the Appeals Council. If the Appeals Council also denies the claim and if the claim exceeds $1,000, only then may the claimant seek judicial review in federal district court of the "Secretary's final decision." Id.
 
 
 17
 Section 1395ii of the Medicare Act incorporates 42 U.S.C. Sec. 405(h) of the Social Security Act, in which it is explicitly stated that Sec. 405(g), to the exclusion of 28 U.S.C. Sec. 1331, is the sole avenue for judicial review for claims "arising under" the Act. The United States Supreme Court in Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) stated that the Medicare Act, not Sec. 1331, provides for district court review of the Secretary's determinations and that the statute empowers district courts to review only a particular type of decision made by the Secretary--a "final" decision reached after the exhaustion of administrative remedies. Id. at 762-64, 95 S.Ct. at 2465-66. The Court in Salfi stated that a final agency ruling by the Secretary is "central to the requisite grant of subject-matter jurisdiction" pursuant to Secs. 405(g), (h). Id. at 764, 95 S.Ct. at 2466. Thus, Medicare claimants, under both Part A and Part B, must ordinarily present their claims to the Secretary and exhaust their administrative remedies by obtaining a final decision of the Secretary before they can present a claim for judicial review in federal court.[3]
 
 
 18
 The Supreme Court reiterated the holding of Salfi in Heckler v. Ringer, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). In Ringer, four Medicare beneficiaries challenged a Part A Medicare policy denying coverage for a particular surgical procedure called BCBR surgery without exhausting their administrative remedies. The Supreme Court reaffirmed the rule that exhaustion of administrative remedies is required before a party has standing to bring an action in federal court for judicial review of the Secretary's adverse decision in regard to Medicare payments. In Ringer, the complaint sought a declaration that the Secretary's refusal to provide coverage for BCBR surgery was unlawful and an injunction compelling the Secretary to instruct her intermediaries to provide payment for BCBR claims. Id. at 610-11, 104 S.Ct. at 2019-20. At issue in Ringer was the characterization of the respondents' claims. The Supreme Court found that the respondents' claim, which requested that the Secretary change her policy so as to allow for BCBR surgery without resort to the administrative review process, was at bottom a claim that respondents should be paid for their BCBR surgery. Id. at 614, 104 S.Ct. at 2021. The Supreme Court in Ringer found that the relief the respondents sought was the invalidation of the Secretary's current policy and a "substantive" declaration that the expenses of BCBR surgery are reimbursable under the Medicare Act. Id. Similarly, in the present case, plaintiffs ask this court to invalidate the Secretary's determination that their provision of non-emergency health transportation service is not reimbursable under the Medicare Act and to declare that such service is reimbursable under the Act. The Supreme Court concluded in Ringer that if the essence of a claim is a claim for entitlement to benefits, administrative review is required. Id. at 605, 104 S.Ct. at 2016-17. In the present case, we find that the essence of plaintiffs' claim is a claim of entitlement to benefits for their non-emergency health transportation service, and, therefore, administrative review is required.
 
 
 19
 In Ringer, the Supreme Court found that any challenge the respondents raised about the Secretary's determination that the BCBR surgical procedure was not covered by Medicare was "inextricably intertwined" with their claim for benefits. Id. at 614, 104 S.Ct. at 2021. The Supreme Court held that a claim "inextricably intertwined" with a claim for benefits is a claim "arising under" the Medicare Act within the meaning of 42 U.S.C. Sec. 405(h), and that 42 U.S.C. Sec. 405(g), with its administrative exhaustion prerequisite, provides the sole avenue for judicial review. 466 U.S. at 614-16, 104 S.Ct. at 2021-22. Therefore, the Supreme Court held that the district court did not have jurisdiction to review the claim in Ringer unless administrative remedies were first exhausted. Id. at 618, 104 S.Ct. at 2023.
 
 
 20
 We believe the Supreme Court's decision in Ringer is dispositive of the present case. Plaintiffs' challenge to the Secretary's determination that their provision of non-emergency health transportation service is not a covered service and is not reimbursable under the Medicare Act is not collateral to a claim for benefits. Plaintiffs challenge the Secretary's determination that their vehicles do not qualify as ambulances for the purpose of Medicare reimbursement, the reversal of which would automatically result in increased Medicare payments to plaintiffs. Such a claim, according to Ringer, is "inextricably intertwined" with plaintiffs' claim that they are entitled to benefits for their ambulance service. Id. at 614, 104 S.Ct. at 2021. The Supreme Court stated in Ringer that such a claim must first be channeled into the administrative review process before judicial review can be obtained. Id. at 618, 104 S.Ct. at 2023. In the present case, the dispute at issue (whether plaintiffs' non-emergency vehicles qualify as ambulances for Medicare reimbursement) is "particularly within the Secretary's competence," id. at 618-19 n. 11, 104 S.Ct. at 2023 n. 11, and a decision by this court before the exhaustion of administrative remedies would interfere with the agency's role as "the ultimate determiner of eligibility under the relevant statutes and regulations." Bowen v. City of New York, 476 U.S. 467, 485, 106 S.Ct. 2022, 2033, 90 L.Ed.2d 462 (1986).
 
 
 21
 In Farkas v. Blue Cross & Blue Shield of Michigan, 24 F.3d 853 (6th Cir.1994), this court adopted the Supreme Court's rationale in Ringer, which involved Part A Medicare benefits, and applied it to a dispute involving benefits under Part B. In Farkas, a physician sued his Part B carrier and the Secretary for placing him on prepayment utilization review ("PPUR"), which subjected his claims for reimbursement to medical review before payment could be made. Farkas alleged that PPUR review resulted in claims consistently being denied, which necessitated a hearing to challenge the amount of reimbursement due. Id. at 859. Although Dr. Farkas characterized his complaint as a challenge to the Secretary's determination to place him on PPUR review rather than a claim for benefits, this court held that judicial review was appropriate only after the requirements of Sec. 405(g) had been satisfied. Because Dr. Farkas had not presented his claims for reimbursement to the Secretary as required by Sec. 405(g), this court held it did not have subject matter jurisdiction and dismissed the claim. Id. at 860-61.
 
 
 22
 Plaintiffs argue that Farkas is distinguishable from the present case, because unlike Dr. Farkas, plaintiffs have presented claims for reimbursement in the amount of $86,136.55 to Medicare, and Medicare has denied these claims. This argument has no merit as Farkas indicated that pursuant to Sec. 405(g), both presentment of claims and the exhaustion of administrative remedies is required. Id. at 861. Moreover, plaintiffs in the present case seek damages for an additional $151,229.50 in transportation services to Medicare beneficiaries, but concede that they have not presented a claim for this amount to the Medicare program. See National Kidney Patients Ass'n v. Sullivan, 958 F.2d 1127, 1132-34 (D.C.Cir.1992) (in Medicare Part B dispute, district court lacked subject matter jurisdiction where providee failed to present its claim to carrier as required), cert. denied, 506 U.S. 1049, 113 S.Ct. 966, 122 L.Ed.2d 122 (1993).
 
 
 23
 Plaintiffs concede that they have not pressed their claims through the administrative review process and have not received a final decision from the Secretary, but they argue that the exhaustion requirement of Sec. 405(g) should be waived. In Bowen v. City of New York, 476 U.S. at 482-86, 106 S.Ct. at 2031-33, the Supreme Court identified three factors to be considered in deciding whether to waive the exhaustion requirement: (1) are the claims at issue collateral to the underlying decision as to eligibility for entitlements; (2) would claimants be irreparably harmed were the exhaustion requirement enforced against them; and (3) would exhaustion of administrative remedies be futile. See also Day v. Shalala, 23 F.3d 1052, 1059 (6th Cir.1994); Abbey v. Sullivan, 978 F.2d 37, 44 (2nd Cir.1992).
 
 
 24
 The Supreme Court stated in Ringer that only in regard to a claim that is "wholly collateral" to a claim for benefits could the exhaustion requirement of Sec. 405(g) be waived. 466 U.S. at 618, 104 S.Ct. at 2023. Plaintiffs rely on City of New York for their argument that in the present case, exhaustion should be waived. We do not agree. In City of New York, the Court stated the following:
 
 
 25
 The claims in this lawsuit are collateral to the claims for benefits that class members had presented administratively. The class members neither sought nor were awarded benefits in the District Court, but rather challenged the Secretary's failure to follow the applicable regulations.
 
 
 26
 476 U.S. at 483, 106 S.Ct. at 2032. In contrast in the present case, plaintiffs sought an award of benefits in district court, and therefore City of New York is distinguishable. The Supreme Court found that the claimants in City of New York stood on an entirely different footing from one arguing merely that an agency incorrectly applied its regulation in denying benefits, id. at 485, 106 S.Ct. at 2032-33, which is precisely what plaintiffs in the present case are arguing. Plaintiffs' claim that the Secretary incorrectly applied its regulations in denying them reimbursement for non-emergency health transportation is not a claim that is "collateral" to a claim for benefits. Id. See also Ringer, 466 U.S. at 614-16, 104 S.Ct. at 2021-22; Martin, 63 F.3d 497, 504 (7th Cir.1995); Abbey, 978 F.2d at 44-45. Therefore, plaintiffs' reliance on City of New York is to no avail.
 
 
 27
 Nor does plaintiffs' attempt to raise a collateral constitutional challenge have any merit. In Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court found that Eldridge's constitutional challenge was entirely collateral to his substantive claim of entitlement to benefits. Id. at 330, 96 S.Ct. at 900. In the present case, plaintiffs argue that the Secretary's denial of payments for ambulance services rendered to Medicare enrollees amounts to a taking of property without due process of law. However, plaintiffs do not articulate how the denial of payment to them constitutes a taking in violation of the Fifth Amendment. They are simply alleging that they should be paid Medicare benefits for their provision of non-emergency health transportation services and that Medicare has incorrectly denied payment under the Act. A collateral constitutional claim is not at issue on the basis of these allegations. Thus, plaintiffs have not presented a claim that is collateral to a claim for benefits, and therefore have not fulfilled the first prerequisite for waiving the exhaustion requirement.
 
 
 28
 The exhaustion of administrative remedies may also be waived "if it would be futile, that is, if there is no reasonable prospect that the applicant could obtain any relief by pursuing them." Health Equity Resources, Urbana, Inc. v. Sullivan, 927 F.2d 963, 965 (7th Cir.1991). Plaintiffs argue that in the present case, administrative review would be futile because the first two steps in the administrative appeal process are reviews at the carrier level, and according to 42 CFR Sec. 405.860, the carrier is bound by the policies of the Secretary, including the policy not to provide coverage for non-emergency health transportation services. Plaintiffs argue that, therefore, any attempt to obtain administrative relief is foreclosed. We do not agree. The administrative law judge that reviews decisions made at the carrier level could invalidate such a policy, if one existed.[4] 20 CFR Sec. 404.929 et seq.; 20 CFR Sec. 404.967 et seq. Thus, the administrative process does not preclude plaintiffs from obtaining relief. As the Supreme Court stated in City of New York, 476 U.S. at 484-85, 106 S.Ct. at 2032-33, an agency's "mere deviation from the applicable regulations ... [is] fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation." Therefore, futility cannot be a basis for waiving the exhaustion requirement in the present case. See Martin, 63 F.3d at 504-05; Abbey, 978 F.2d at 45.
 
 
 29
 Finally, plaintiffs have not shown that they would be irreparably harmed if the exhaustion requirement were enforced. Plaintiffs have failed to make a colorable showing that their alleged injury could not be remedied by the retroactive payment of benefits after the exhaustion of administrative remedies. Eldridge, 424 U.S. at 331, 96 S.Ct. at 900-901. The companies have not substantiated their allegation of irreparable financial harm with any evidence indicating the proportion of their business which comes from Medicare payments. Moreover, monetary damages do not generally constitute irreparable harm. Sampson v. Murray, 415 U.S. 61, 90-91, 94 S.Ct. 937, 952-53, 39 L.Ed.2d 166 (1974); V.N.A. of Greater Tift County, Inc. v. Heckler, 711 F.2d 1020, 1034 (11th Cir.1983), cert. denied, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). In Tift, the court held that even if the Secretary's actions were to force a health care provider out of business, the injuries are not necessarily "irreparable," considering the risk known to the health care provider when it enters the Medicare program. Therefore, in the present case, the companies' allegations of financial doom, even if they were substantiated, which they are not, would not necessarily warrant judicial waiver of the exhaustion requirement.
 
 
 30
 Because the companies do not present a claim which is "wholly collateral" to their claim for benefits and because they do not demonstrate the other requirements for a waiver of the exhaustion of administrative remedies, we believe the district court must be affirmed.[5] Although the companies may not be pleased with delays stemming from an adherence to the strict limitation which Congress has placed on judicial review over Medicare disputes, the Supreme Court has instructed that compliance with the Medicare Act's prerequisites for judicial review, which include the exhaustion of administrative remedies, is mandatory. Ringer, 466 U.S. at 614, 104 S.Ct. at 2021; Eldridge, 424 U.S. at 328-32, 96 S.Ct. at 899-901; Salfi, 422 U.S at 757-58, 95 S.Ct. at 2462-64. The Supreme Court in Ringer explained the rationale for its decision that a claimant must first exhaust administrative remedies as follows:
 
 
 31
 In the best of all worlds, immediate judicial access for all of these parties might be desirable. But Congress, in section 405(g) and section 405(h), struck a different balance, refusing declaratory relief and requiring that administrative remedies be exhausted before judicial review of the Secretary's decision takes place. Congress must have felt that cases of individual hardship resulting from delays in the administrative process had to be balanced against a potential for overly casual or premature judicial intervention in an administrative system that processes literally millions of claims every year. If the balance is to be struck anew, the decision must come from Congress and not from the Court.
 
 
 32
 466 U.S. at 627, 104 S.Ct. at 2028 (footnote omitted).
 
 
 33
 To conclude, plaintiffs challenge the Secretary's application of its regulations in denying them payment for non-emergency health transportation services. Such a claim is at essence a claim of entitlement to benefits, which must first be pressed through the administrative review process. Because plaintiffs failed to exhaust their administrative remedies pursuant to 42 U.S.C. Secs. 405(g) and 1395ff and have not demonstrated that exhaustion should be waived, the district court properly dismissed their claims for lack of subject matter jurisdiction. The district court is hereby AFFIRMED.
 
 
 
 [1]
 Plaintiffs alleged that Medicare began sending copies of its denial notices to the Medicare enrollees transported by the companies. These notices advised the patient that the reason for denial of the claim was that the ambulance providing the service had not been properly equipped. After plaintiffs had received denial notices amounting to $86,136.55, they stopped submitting claims to Medicare in order to stop Medicare's adverse notices from going to their customers. However, they continued to provide non-emergency transportation services to Medicare enrollees
 
 
 [2]
 The Secretary has recognized one exception which is not applicable in the present case. She has provided by regulation that when the facts and her interpretation of the law are not in dispute and when the only factor precluding an award of benefits is a statutory provision which the claimant challenges as unconstitutional, the claimant need not exhaust administrative remedies beyond the reconsideration stage. 42 CFR Secs. 405.718-405.718e; 20 CFR Secs. 404.923-404.928
 
 
 [3]
 Before the 1986 amendments, the Medicare statute provided administrative and judicial review of Part A, but not all Part B, claims. As a result of the amendment, 42 U.S.C. Sec. 1395ff(b)(1), review is provided for both Part A and Part B claims. Michigan Ass'n of Indep. Clinical Lab. v. Shalala, 52 F.3d 1340, 1344-46 (6th Cir.1994)
 
 
 [4]
 The Secretary contends that HCFA has not adopted a national policy, but has merely determined that plaintiffs' vehicles do not contain the "lifesaving" equipment required by Kentucky state law in order to qualify as ambulances for Medicare reimbursement
 
 
 [5]
 Plaintiffs also argue that the Secretary has waived the exhaustion requirement. Because this argument was not raised before the district court, we decline to consider it on appeal. Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.) (this court will normally not address an issue not raised for the first time in district court), cert. denied, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988)